UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL WAYNE BIRCHFIELD, # 70022-019                    PETITIONER

V.                                    CIVIL ACTION NO. 3:23-CV-3136-DPJ-ASH

WARDEN, FCI YAZOO CITY LOW I                              RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Michael Wayne Birchfield, a federal inmate, filed this habeas petition under 28

U.S.C. § 2241 challenging the Bureau of Prisons' calculation of jail-time credits. As explained

below, the undersigned recommends that the petition be denied and dismissed with prejudice.

I.      Facts and Procedural History

On February 3, 2017, Birchfield entered a guilty plea to a charge of conspiracy to

distribute methamphetamine in the United States District Court for the Eastern District of

Kentucky. *See United States v. Birchfield*, No. 6:16-CR-5-KKC-HAI-9, Feb. 7, 2017 Sentencing

Order (E.D. Ky. Feb. 7, 2017). On July 25, 2017, that court sentenced Birchfield to serve a 148-

month term of incarceration, to be followed by a 5-year term of supervised release. *Id.* J.[1]

Birchfield, who is presently incarcerated at the Federal Correctional Complex in Yazoo City,

Mississippi, has a projected release date of October 29, 2024. That date is based on the BOP's

application of 553 days of projected good-conduct time and 365 days of credit under the First

Step Act (FSA) toward Birchfield's sentence. Birchfield believes he is entitled to more credit

under the FSA and/or earlier release to a residential reentry center (RRC)[2] or home confinement.

---

[1] The court later reduced Birchfield's sentence to 132 months. *Id.* Jan. 10, 2024 Order.

[2] Residential reentry centers are also known as halfway houses or community correctional
facilities.

He filed this habeas petition on December 8, 2023, seeking that relief. Respondent responded in opposition to the petition, and Birchfield filed no reply.

II.    Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

Then Magistrate (and now Fifth Circuit) Judge Ramirez succinctly explained the BOP's administrative exhaustion process:

> The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 C.F.R. §§ 542.10–542.19. *See Gross v. Cruz*, No. 3:09-CV-0928-B, 2009 WL 1675075, at *1 (N.D. Tex. June 15, 2009). BOP Program Statement 1330.18, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *See id.* (citing *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105, at *2 (N.D. Tex. Feb. 26, 2004)). Under this procedure, inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The administrative process begins with informally presenting the issue to BOP staff for resolution, followed by successive formal steps which respectively require the submission of an Administrative Remedy Request to the Warden, an appeal to the Regional Director if unsatisfied with the Warden's response, and an appeal to the BOP General Counsel if unsatisfied with the Regional Director's response. 28 C.F.R. §§ 542.13, 542.14, 542.15. The filing of an appeal to the General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate his exhausted her administrative remedies for filing a § 2241 petition. *See Gross*, 2009 WL 1675075, at *1.

*Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023).

Birchfield admits he did not exhaust, arguing instead that the Court should excuse him from the exhaustion requirement because prison officials "refused to supply [him] with an administrative remedy." Pet. [1] at 11; *see id.* at 10 (arguing that "[e]xhaustion can be excused in certain circumstances"). Birchfield signed his habeas petition under penalty of perjury, but his allegations about exhaustion in the habeas petition itself are ambiguous. *See id.* at 3 (stating "[w]hen [I] tried getting remedy case manager Williamson and case manager Campbell denied me," but failing to explain whether *what* he was denied was the form or the actual relief he seeks). The attachment to his habeas petition is not separately sworn or stated under penalty of perjury, but it perpetuates the same confusion by stating simply that he was denied "an administrative remedy." *Id.* at 11; *but see id.* at 12 (asking the Court to admonish the BOP for "failing to provide [Birchfield] with Administrative Remedy Forms").

At best, Birchfield's habeas petition and unsworn allegations raise a question of fact about whether the BOP's conduct excuses Birchfield's undisputed failure to exhaust. *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003) ("If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner."); *see Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) ("'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or when the attempt to exhaust such remedies would itself be a patently futile course of action.'" (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985))). Because the undersigned finds Birchfield's petition fails on the merits without the need for an evidentiary hearing, it is unnecessary to determine conclusively

whether he should be excused from the exhaustion requirement. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987))).

Turning to the merits of Birchfield's petition, "[t]he [FSA] addresses reentry of incarcerated individuals to the community and created a system of earned time credits . . . to encourage prisoners to participate in and complete evidence-based recidivism reduction . . . programs and productive activities . . . ." *Given v. Smith*, No. 4:23-CV-859-P, 2023 WL 8606807, at *1 (N.D. Tex. Dec. 12, 2023) (citing 18 U.S.C. § 3632(d)). Under 18 U.S.C. § 3624, if a prisoner's sentence includes a term of supervised release, "the Director of the Bureau of Prisons *may* transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3) (emphasis added). This section caps at 12 months—or 365 days—the maximum amount of FSA time a prisoner may receive toward early transfer to supervised release. Birchfield, who must serve a term of supervised release, received 365 days of FSA credit toward early transfer to supervised release. By statute, he may receive no more.

Birchfield also argues that the BOP owes him additional FSA credits and must use them to allow him to serve the balance of his sentence in a RRC or, if there is no space in a RRC, in home confinement under 18 U.S.C. § 3624(g). Birchfield is correct that he earned an additional 355 days of FSA credits, which his warden recommended be used to place him in a RRC as early as November 8, 2023. *See generally Davis v. Rardin*, No. 22-CV-2854 (JRT/DLM), 2024 WL 209172, at *6 (D. Minn. Jan. 19, 2024) ("FSA time credits, when applied, advance the date when

the prisoner will be placed in 'prerelease custody' (including home confinement or residential reentry facilities), or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release." (citations and internal quotation marks omitted)). But this recommendation by the warden is not the sole criteria used by the BOP in exercising its discretion. Because of RRC bed space limitations, the BOP determined that the earliest appropriate date to place Birchfield in a RRC was August 7, 2024.

Title 18 U.S.C. § 3621(b) grants BOP the "sole authority to designate a prisoner's place of incarceration." *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020). And "Congress has acted to preclude judicial review of [the] BOP's designation decisions: 'Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.'" *Fox v. Fed. Bureau of Prisons*, No. 2:22-CV-5199, 2023 WL 9103080, at *4 (W.D. La. Nov. 7, 2023) (quoting 18 U.S.C. § 3621(b)). "For this reason, [the] BOP's determinations under 18 U.S.C. §§ 3621(b)[ and] 3624(g) are unreviewable by the court." *Id.* The Court is thus without authority to order the BOP to release Birchfield to a RRC or home confinement—Birchfield's preferred places to serve the remaining term of his incarceration. *See Mars v. Heisner*, No. CV-22-1933, 2023 WL 4977335, at *6–7 (D. Ariz. June 26, 2023) ("[A]lthough application of an inmate[']s FSA [time credits] may effectively move up the date that inmate is eligible to be considered for prerelease custody, application of those [time credits] do[es] not compel the BOP to allow that inmate to participate in prerelease custody. . . . [Section] 2241 does not convey authority to the Court to compel the BOP to grant prerelease custody to Petitioner . . . ." (citing *Smallwood v. Thompson*, No. 2:21-CV-641, 2021 WL 5112663, at *3 (E.D. Cal. Nov. 3, 2021))).

III.     Conclusion

Birchfield has not shown the BOP has improperly applied his credits to accelerate his term of supervised release or that the Court may order the BOP to release him to a residential reentry facility or home confinement. The undersigned therefore recommends that his petition be denied and dismissed with prejudice.

IV.     Notice of Right to Object

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of July, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).